By the Court—Hoffman, J.
The proposition mainly insisted on, in the defendants’ points is, that the tenant under a lease may remain in possession of the whole premises, and by showing a disturbance of, or injury to, the beneficial enjoyment, defeat an action for the rent; and this upon the ground that it is an eviction.
The propositions that there can be retention of demised premises, and an eviction, are logically and legally contradictory. The position has not the slightest warrant in law, principle, sense or decisions.
*659 There are cases in which it has been deemed that there was an (eviction without a forcible ouster. But in such cases the tenant abandoned and the Court held, that acts of the landlord were so illegal and monstrous, as to be equivalent to absolute physical ouster.
Edgerton v. Page, (14 How., 116,) in the Common Pleas, has been affirmed in the Court of Appeals. (10 Abb. R., 119; 20 N. Y. R., 281.) It is distinctly and unanimously held, that there may be such acts of a landlord accompanied with abandonment by the tenant, as will amount to a virtual expulsion, and equally bar the recovery of rent.
In ease of an eviction from a portion of the premises, the law does not apportion the rent in favor of the wrongdoer. But the recovery of rent is not barred when the wrongful act stops short of depriving the tenant of the possession of any part of the premises. While the tenant remains in possession of the entire premises demised, his obligation to pay rent continues.
The charge of the Judge, by which he permitted damages to be allowed for the obstruction of the lights, in consequence of the erection of pipes near, but outside of the windows of the premises, is perhaps more liable to an objection from the plaintiff, than from the defendants. One of the defendants himself swears “ that if a restaurant is to be kept below, it was better for him to have the pipes there: the pipes were the only interference with the light.” Thus, if the letting for a restaurant was not an eviction, or a ground for a claim of damages, (as clearly it was not,) the putting up the pipes was a benefit.
In regard to the Croton water, it is apparent that the mere fact of letting the rest of the building for a restaurant did not involve the obstruction of the water by the plaintiff. And there is no evidence whatever of Ms personal interference with, or doing or assenting to any act which impaired the use of it.
The case is free from the slightest doubt.
Judgment must be entered for the plaintiff, with costs.
Judgment accordingly.